UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DRUDE | CIVIL ACTION NO. |
| VERSUS | SECTION |
| DANIEL EDWARDS INDIVIDUALLY AND AS THE DULY ELECTED SHERIFF OF TANGIPAHOA PARISH, DANIEL EDWARDS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF TANGIPAHOA PARISH, CORPORAL MARSHALL HAYES, BOTH IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, SERGEANT GREG HENSARLING, BOTH IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND ABC INSURANCE COMPANY | JUDGE<br><br><br><br><br><br>JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS AND STATE LAW VIOLATIONS**

Plaintiff, Michael Drude, by undersigned counsel, complaining of Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.

This is a federal civil rights action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deprive Plaintiff equal protection under the laws; and for intentionally refusing and intentionally neglecting with malice to prevent such deprivations and denials to Plaintiff. Plaintiff brings this action against Sheriff Daniel Edwards, the elected Sheriff of Tangipahoa Parish. Sheriff Daniel Edwards is vicariously liable for his Sheriff's deputies Marshall Hayes, Jr. and Greg Hensarling, acting as deputies for the parish of Tangipahoa.

Defendants Marshall Hayes, Jr. and Greg Hensarling are residents of the State of Louisiana, and on information and belief, domiciled in Tangipahoa Parish, are both deputies of Sheriff Daniel Edwards, and are sued in their individual capacities. This action is also brought against ABC Insurance Company, the as yet unknown insurance company which issued an insurance policy for liability to the Tangipahoa Parish Sheriff's Office. These actions are the result of a deficient policy, practice, and custom at the Tangipahoa Parish Sheriff's Office, negligent training, and negligent implementation of known standards of law enforcement.

## JURISDICTION AND VENUE

2.

The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, La. R.S. § 14:36, and La. R.S. § 14:34.1. Plaintiff also brings state law claims for assault and battery under La. Civil Code Article 2315. This Court also has jurisdiction under 28 U.S.C. § 1331. Venue is proper as all acts complained of occurred in Tangipahoa Parish within the Eastern District of Louisiana. This action also includes Petitioner's state law causes of action under La. C.C. 2315, La. C.C. 2317 and La. C.C. 2320 for which the Court has pendant jurisdiction.

## FACTUAL ALLEGATIONS

3.

On the evening of March 3, 2019, Michael Drude and his wife, Lisa Drude, entered into a disagreement concerning ending their marital relationship and thus Petitioner asked his wife, Lisa Drude, to pack her things and leave their family home for the time being. However, Lisa Drude did not wish to leave the home and instead called Tangipahoa Parish Sheriff's Office seeking help on negotiating the disagreement with Petitioner, Michael Drude.

4.

Corporal Hayes was dispatched to Petitioner's home where he met with both Michael and Lisa Drude. Petitioner had been packing up some of his wife's things in anticipation of her leaving the home. Petitioner was sensibly and realistically upset at the state of his marriage and was grieving over his sense of loss. Petitioner had been working three jobs to support his family after his wife, Lisa, got cancer and he was both shocked and hurt at this turn of events.

5.

Lisa Drude asked Corporal Hayes if he could make Petitioner leave the home, at least while she packed her things. Corporal Hayes explained to both Petitioner and his wife that he could not make either spouse leave the family home. Petitioner began raising his voice due to his hurt. Lisa Drude asked Corporal Hayes if he could remove Petitioner from the home due to raising his voice, but Corporal Hayes advised Lisa that Petitioner was not doing anything illegal and thus could not be removed.

6.

Petitioner's wife, Lisa Drude, agreed to leave the home and to come back once some time had passed. Lisa began to look for her shoes to leave, which were located in the back bedroom which she and Petitioner shared. Petitioner also started off down the narrow hallway to the bedroom to retrieve his cellphone from the dresser. Corporal Hayes alleges that Petitioner "body shoved" his wife, Lisa Drude, in the narrow hallway on the way to the bedroom. However, Corporal Hayes later testified at a criminal hearing that there are inaccuracies in his report and that Lisa Drude did not fall to the ground or make any complaint that she was "body shoved" by her husband.

7.

Corporal Hayes put Petitioner in handcuffs and placed him under arrest for domestic battery under La. R. S. 14:35.3. The Tangipahoa Parish Sheriff's Office incident report states that, according to both Corporal Hayes and Sergeant Hensarling, that Petitioner "jumped" in the back seat of Corporal Haye's police unit before his handcuffs could be double locked. This was a false statement as shown by the video Exhibit P-2 attached hereto. However, security footage captured via security camera on the side of Petitioner's house (Exhibit P-2 attached hereto) shows this is an intentionally false narrative and that Petitioner was instead placed in the back of the police unit completely under the control of Corporal Hayes and obeyed all commands of Corporal Hayes and did not resist arrest. Corporal Hayes even takes some time to look at Petitioner's handcuffs and does not take the opportunity to double lock them for Petitioner's safety. The double lock on the handcuffs prevents ratcheted handcuffs from tightening once the lock is engaged – because the double lock was not engaged, Petitioner's handcuffs began to tighten around his wrists in a dangerous manner. Defendant Daniel Edwards, Sheriff failed to properly train Corporeal Hayes and Sergeant Hensarling in proper handcuffing techniques and to monitor the condition of the arrestee Michael Drude.

8.

Petitioner's handcuffs began to tighten around his wrists, cutting off circulation and causing pain and nerve damage from which he could not get relief. Petitioner told Corporal Hayes that he did not properly engage the double lock on his handcuffs using in accordance with safety rules standards of law enforcement to prevent injury and that the handcuffs in their current state were hurting him. Despite Petitioner's complains of pain and his hands going numb, Corporal Hayes did not adjust the handcuffs nor did he check the handcuffs using in accordance with  safety rules standards of law enforcement.

9.

Corporal Hayes called for Sergeant Hensarling to arrive as backup on the scene. Petitioner asked Sergeant Hensarling to adjust his handcuffs as they were hurting, and Corporal Hayes would not grant Michael Drude's request. Corporal Hayes and Sergeant Hensarling did not adjust the handcuffs nor did he check the handcuffs in accordance with standards of law enforcement even after Petitioners multiple complaints. Sergeant Hensarling eventually removed Petitioner from the police unit and adjusted the handcuffs and double locked them, but Petitioner's injury to his wrists, nerves and shoulder had already set in.

10.

Petitioner was in the dangerously fitted handcuffs for approximately one hour before any relief was given as Defendants failed to act in accordance with standards of law enforcement.

11.

Sergeant Hensarling called an ambulance for Petitioner so that his wounds to his arms and shoulder could be addressed. One hour later, Petitioner was transported to Lallie Kemp Hospital for treatment with Corporal Hayes riding along. At Lallie Kemp Hospital, Petitioner was treated for trauma injury to his extremities, namely his wrists, with pain radiating from his shoulder to his elbow when he tried to move his right arm/wrist. The pain was so substantial that Petitioner could not move his right arm. Petitioner also suffered torn muscles to his shoulder which requires future surgery.

12.

In the Acadian Ambulance, the paramedic asked Corporal Hayes, who rode along, whether or not Petitioner had resisted arrest and Corporal Hayes responded with a laugh and

said, "no". Petitioner was, in fact, at all times compliant and did not resist the arrest even though it was false arrest.

13.

Petitioner is still undergoing medical treatment for the injuries he sustained in connection to the improper handcuffing performed by Corporal Hayes of the Tangipahoa Parish Sheriff's Office and needs future surgery to his shoulder and has permanent nerve damages to his shoulder and nerves in his wrists.

14.

Petitioner's wife, Lisa Drude, the alleged victim of the crime, wrote a letter to the District Attorney's Office in April 2019 stating that Petitioner has never abused her, no domestic abuse battery occurred on the date in question, she did not understand why he was being charged with domestic abuse battery, and to also request that the false charges of domestic abuse battery be dropped. Even in Lisa Drude's voluntary statement given to the Tangipahoa Parish Sheriff's Office, she makes no mention of Petitioner ever touching her, let alone "body shoving" her, and instead states that Petitioner was placed under arrest after he and Corporal Hayes began arguing. See Exhibit P-3, attached. Corporeal Hayes intentionally and with malice made false statements and gave false testimony to harm Petitioner. All criminal charges against Michael Drude were dismissed.

15.

Defendants Daniel Edwards, Tangipahoa Parish Sheriff's Office is liable for the following acts:

1) Defendants caused the false arrest of Petitioner by falsely filing false police reports and giving false testimony under oath claiming that Michael Drude battered his wife in the presence of an officer.

2) Defendants caused irreparable humiliation to Petitioner by negligently and falsely claiming that he battered his wife and then for bringing charges against Michael Drude for same.

3) Defendants are liable for Petitioner's past and future mental anguish as a result of the false claims and false arrest.

4) Defendants are liable for Petitioner's medical bills, both past and future, and future surgery as they relate to the negligent and improper handcuffing.

5) Defendants are liable for Petitioner's state law claims of assault and battery stemming from the negligent, improper, and dangerous handcuffing which resulted in injury for which Petitioner is still receiving medical treatment.

6) Defendants are liable to petitioner under La. C.C. 2315, , La. C.C. 2317 and La. C.C. 2320 for the Sheriff is liable for the acts of his deputies acting in the course and scope of their duties as deputies and is liable under respondent superior under La. State law as sheriff for its employees/deputies Defendants negligent acts.

7) Defendants are liable for failing to train and for failing to supervise their deputies which resulted in the false arrest and needless injuring of Petitioner.

16.

Petitioner states, on information and belief, that Defendant was issued a policy of liability insurance via unknown ABC Insurance Company, who is liable jointly and *in solido* with Defendant Daniel Edwards, Corporal Hayes and Sergeant Hensarling  Tangipahoa Parish Sheriff's Office.

17.

**Petitioner prays for trial by jury.**

18.

**WHEREFORE**, Petitioner prays, after due proceedings had, there be a judgment in favor of Petitioner, Michael Drude, for such damages as is reasonable on the merits, plus judicial interest and court costs against Defendants.

Submitted by:

_____
Glenn C. McGovern (LBA 9321)
Peyton M. Bowman (LBA 38679)
Callan J. Johns (LBA 38788)
Mailing Address:
P.O. Box 516
Metairie, LA 70004
Physical Address:
2901 Division St., Ste. 201
Metairie, LA 70002
Phone: (504)456-3610
Facsimile: (504)456-3611
glenn@glennmcgovern.com

*Attorneys for Petitioner*

**PLEASE SERVE:**

Tangipahoa Parish Sheriffs Office
Sheriff Daniel Edwards
15475 Club Deluxe Road
Hammond, La 70403


Corporal Marshall Hayes
15475 Club Deluxe Road
Hammond, La 70403

Sergeant Greg Hensarling
15475 Club Deluxe Road
Hammond, La 70403